IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. COLETTE HADLEY, **Defendant.** | CR 19-25-M-DLC ORDER |

This matter comes before the Court on Defendant Colette Hadley's Motion for Immediate Release from Custody (Doc. 37). The United States opposes Defendant's motion. Based on the parties' written submissions, and for the reasons set forth below, Defendant's motion for release is denied.

**I.   Background**

On November 26, 2019, Defendant appeared before the Court for her initial appearance and arraignment on the Indictment filed against her. (Doc. 9). The United States sought detention, and Defendant requested a detention hearing. (Doc. 9). Based on the evidence and argument presented at the detention hearing, the Court ordered Defendant detained under 18 U.S.C § 3142. (Doc. 12).

1

On December 12, 2019, Defendant appeared before the undersigned and entered a plea of guilty to one count of bank fraud in violation of 18 U.S.C. §§ 2 and 1344(2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Docs. 32, 34). Defendant's sentencing is scheduled for May 22, 2020. (Doc. 33).

On March 30, 2020, Defendant filed the pending motion for immediate release from custody based on the dangers presented by the COVID-19 pandemic. (Doc. 37). Defendant cites several sources addressing the danger posed by COVID-19 to individuals who are incarcerated, particularly to those with underlying health conditions. (Doc. 36 at 2-4). Defendant explains that she suffers from hypertension and is concerned this puts her at increased risk of developing serious complications should she contract COVID-19. Defendant represents that she has the support of her boyfriend, who is willing to provide financial assistance and housing for her in Florida, and asks that she be released on conditions pending her sentencing on May 22, 2020.

## II. Legal Standard

Under 18 U.S.C. § 3142(f)(2), a detention "hearing may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known at the time of the hearing and that has a material bearing on the issue of

whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

In addition, because Defendant has entered a guilty plea and is awaiting sentencing, the standards set forth in 18 U.S.C. § 3143 apply here. Under § 3143(a)(2), a judicial officer shall detain "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A), (B), or (C)] and is awaiting imposition or execution of sentence" unless (1) the judicial officer finds there "is a substantial likelihood that a motion for acquittal or new trial will be granted" or the government recommends "that no sentence of imprisonment be imposed" and (2) the judicial officer finds there is clear and convincing evidence "that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant has entered a plea of guilty to bank fraud in violation of 18 U.S.C. §§ 2 and 1344(2), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). These offenses are not described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C), which means Defendant is not subject to the postconviction restrictions on release set forth in 18 U.S.C. § 3143(a)(2) and § 3145(c).

The standard applicable to Defendant is set forth in 18 U.S.C. § 3143(a)(1), which provides that a person shall be detained "unless the judicial officer finds by

clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b)( or (c)."

In determining whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and community, the Court considers the factors set forth in 18 U.S.C. § 3142(g). In addition, under 18 U.S.C. § 3142(i), the Court may permit temporary release "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason."

## III. Discussion

As a preliminary matter, with respect to reopening Defendant's detention hearing pursuant to § 3142(f)(2), the Court finds that the nation's current public health emergency brought on by the COVID-19 emergency serves as both new, and rapidly evolving, information not available to the Court during the initial detention hearing. The Court further finds this information is material to the issue of whether there are conditions of release that will reasonably assure the Defendant's appearance and the safety of any other person and the community. Accordingly, Defendant's motion for release is properly raised before the Court at this time, and the Court's detention determination is reopened pursuant to §

3142(f)(2).

To meet the conditions of release set forth in § 3143(a)(1), Defendant must demonstrate by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released. This Court has previously determined based on the factors set forth in § 3142(g) that Defendant is not eligible for release, and Defendant presents no additional facts that meaningfully shift the balance of the § 3142(g) factors in Defendant's favor.

Even considering the § 3142(g) factors in the context of the COVID-19 outbreak, Defendant cannot establish by clear and convincing evidence that she is eligible for release. All of the factors that supported Defendant's pretrial detention and a finding of danger to the community still exist today. With respect to Defendant's history and characteristics, the record reflects that when she was initially brought before the Court in this case, she had two outstanding warrants for her arrest and had absconded from both. Those warrants involved crimes similar to those charged in this matter, and were issued in two different states. Defendant had been repeatedly deceptive in answering questions asked by her probation officer, including lying about her criminal history and place of residence. (Doc. 12). Defendant has not come forward with any evidence that would persuade the Court to alter its prior findings that Defendant's criminal history and deceptive conduct

weigh against her release. The offenses to which Defendant has pled guilty are serious ones, and Defendant's criminal history and characteristics indicate to the Court that she is unlikely to abide by conditions of release and presents a danger to the community. This finding is entitled to even greater weight today, in light of the limitations on the United States Probation Office under COVID-19 mandated protocols. The Court also notes that under Defendant's proposed release plan, she would be released to live in Florida with her boyfriend, which would further complicate the task of supervising her while she is in the community.

Defendant nevertheless argues the increased risk to her health posed by the COVID-19 virus is a compelling reason for her release. Defendant explains that she has high blood pressure, which "strains her heart and has been listed as one of the pre-existing conditions that both makes such individuals more susceptible to becoming infected and to die as a result." (Doc. 36 at 2). Notably, however, Defendant has not presented any evidence that she has been denied necessary medical treatment or that the Missoula County Detention Facility is unequipped to handle her medical needs. To the contrary, Defendant's motion reflects that she is receiving medication for the condition while incarcerated and her blood pressure readings are being monitored. (Doc. 36 at 2). There is nothing in the record to suggest that Defendant would receive better or different medical treatment if she

were released.

As of today, the Court is not aware of any confirmed cases of COVID-19 at the Missoula County Detention Facility. In response to Defendant's motion, the United States has come forward with evidence that Missoula County Detention Facility has protocols in place to combat the spread of infectious disease, including COVID-19. (Doc. 40-1). Defendant has not shown that those protocols are deficient. Defendant has not demonstrated that she is at significantly greater risk of contracting COVID-19 while in custody than she would be if she were released. To the contrary, Defendant's release plan would result in significant interstate travel, potentially exposing her to many persons infected with COVID-19 and likely increasing the risk of Defendant becoming infected. Thus, while Defendant raises understandable concerns based on her underlying health condition and the COVID-19 outbreak, these concerns are not sufficiently compelling to warrant her release.

Finally, Defendant cites an order by the United States District Court for the District of Connecticut temporarily releasing a defendant who had pled guilty to fraud and identity theft, based on the defendant's particular vulnerability to harm from the COVID-19 virus. (Doc. 36 at 7-9). The circumstances and evidence before the Court in that case were very different from those present here, however, and are not relevant to whether Defendant is entitled to release here.

7

## IV. Conclusion

For the reasons set forth above, this Court finds that Defendant remains a flight risk and a danger to the community, and has not demonstrated compelling reasons entitling her to release. Accordingly,

IT IS ORDERED that Defendant's motion for release (Doc. 37) is DENIED.

DATED this 13th day of April, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge